UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2014 JAN 31  PM 4: 47

CLERK
BY_____PC_____
DEPUTY CLERK

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | |
| v.                                      ) | Case No.  5:11-cr-50-1 |
| ) | |
| RONALD WILLIE NEWTON          ) | |

## OPINION AND ORDER ADOPTING MAGISTRATE'S
## REPORT AND RECOMMENDATION
(Doc. 141 & 151)

This matter came before the court for a review of the Magistrate Judge's January 2, 2014 Report and Recommendation ("R & R").  Defendant Ronald Willie Newton has filed a motion pursuant to 28 U.S.C. § 2255, to vacate, set aside or correct a sentence imposed by this court.  (Doc. 141.)  The government has opposed the motion.  (Doc. 144.)  In his R & R, the Magistrate Judge recommended that Defendant's motion be denied.  The deadline to object to the R & R was January 21, 2014.  On January 29, 2014, Defendant filed his objection.  Because Defendant is both self-represented and incarcerated, the court will treat his objection as timely filed.

In his seven page objection, Defendant objects to the Magistrate Judge's "subversive interpretation of an Ex Post Facto Plea Agreement" which he claims fails to "cure any constitutional defects in the criminal charging instrument, violates Movant's Federal Constitutional Right of Due Process and Equal Protection mandates guaranteed in United States Constitution Article I, §9, Cl.3, the First, Second, Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, Tenth, Eleventh, Twelfth, Thirteenth, Fourteenth Amendments, and Article I, §10, Cl.1, against any procedure, statute, abridging obligation of contracts." (Doc. 152 at 2.)  The objection appears to further object to the R & R's recitation of the facts in the case, its recitation of the standards governing Section 2255 motions, the

court's subject matter jurisdiction, and any increase in Petitioner's sentence as a result of his prior convictions.

A district judge must make a *de novo* determination of those portions of a magistrate judge's report and recommendation to which an objection is made. Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1); *Cullen v. United States*, 194 F.3d 401, 405 (2d Cir. 1999). The district judge may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *accord Cullen*, 194 F.3d at 405. A district judge, however, is not required to review the factual or legal conclusions of the magistrate judge as to those portions of a report and recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985).

In his fourteen page R & R, the Magistrate Judge carefully reviewed the factual record and the motion before the court and determined that, among other things, Defendant failed to raise his claims on direct appeal and does not claim a basis on which they can be reviewed in a collateral attack. In his objection, Defendant does not contest that conclusion. On that basis alone, the court concludes that the Magistrate Judge correctly determined that Defendant's motion must be denied. *See United States v. Thorn*, 659 F.3d 227, 231 (2d Cir. 2011) ("In general, a defendant is barred from collaterally challenging a conviction under § 2255 on a ground that he failed to raise on direct appeal. *See Yick Man Mui v. United States*, 614 F.3d 50, 53–54 (2d Cir.2010); *Zhang v. United States*, 506 F.3d 162, 166 (2d Cir.2007). An exception applies, however, if the defendant establishes (1) cause for the procedural default and ensuing prejudice or (2) actual innocence. *See Bousley v. United States*, 523 U.S. 614, 622, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998)").

The Magistrate Judge nonetheless proceeded to consider the substantive merits of each of Defendant's claims. The court finds no error in his conclusions which are amply supported by the factual and procedural record in this case.

For the foregoing reasons, the court hereby ADOPTS the Magistrate Judge's R & R as the court's Order and Opinion, and DENIES the Defendant's Motion to Vacate.

SO ORDERED.

Dated at Rutland, in the District of Vermont, this 31st day of January, 2014.

/s/ *Christina Reiss*

_____

Christina Reiss, Chief Judge
Untied States District Court